8UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

EVANSTON INSURANCE COMPANY,   CASE NO.: _____

      Plaintiff,

v.

CAMPANY ROOF MAINTENANCE ROOFING
DIVISION, LLC; IRONWOOD CONSTRUCTION
SERVICES, LLC; and CANNERY ROW
HOMEOWNERS' ASSOCIATION, INC.;

      Defendants.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Evanston Insurance Company files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure against defendants Campany Roof Maintenance Roofing Division, LLC, Ironwood Construction Services, LLC, and Cannery Row Homeowners' Association, Inc., seeking a determination of its rights and obligations pursuant to commercial general liability insurance policies issued to Campany Roof Maintenance Roofing Division, LLC, and alleges as follows:

**THE PARTIES**

1. Plaintiff Evanston Insurance Company ("**Evanston**") is an Illinois corporation with its principal place of business in Illinois.  Thus, Evanston is a citizen of Illinois for purposes of diversity jurisdiction.

2. Defendant Campany Roof Maintenance Roofing Division, LLC ("**Campany**") is a Florida limited liability company.  Its members, Bruce Campany, Edward Campany, and Debra

Campany, are domiciled in Florida and, therefore, are citizens of Florida. Thus, Campany is a citizen of Florida for purposes of diversity jurisdiction.

3. Defendant Ironwood Construction Services, LLC ("**Ironwood**") is a Florida limited liability company. Its members, Cary Glickstein and Gregg Glickstein, are domiciled in Florida and, therefore, are citizens of Florida. Thus, Ironwood is a citizen of Florida for purposes of diversity jurisdiction.

4. Defendant Cannery Row Homeowners' Association, Inc. ("**Association**") is a Florida nonprofit corporation with its principal place of business in Florida. Thus, the Association is a citizen of Florida for purposes of diversity jurisdiction.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*. Subject matter jurisdiction over this action exists under 28 U.S.C. §1332 because there exists complete diversity of citizenship between Evanston (Illinois) and Defendants (Florida), and because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00, for the reason, among others, that the insurance policies at issue have limits of coverage exceeding that amount and the underlying liability claim reasonably appears to seek damages in excess of that amount.

6. This Court has personal jurisdiction over Campany because it is a Florida business entity with its principal place of business in Palm Beach County, Florida.

7. This Court has personal jurisdiction over Ironwood because it is a Florida business entity with its principal place of business in Palm Beach County, Florida.

8. This Court has personal jurisdiction over the Association because it is a Florida business entity with its principal place of business in Palm Beach County, Florida.

9. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(a) and (b) because Defendants reside in this district and because a substantial part of the events and transactions giving rise to this action occurred in this district.

10. This action is properly filed pursuant to 28 U.S.C. § 2201 because an actual controversy of a ripe and justiciable nature exists between Evanston and Defendants involving the scope and extent of Evanston's duty to defend and indemnify Campany for claims and damages relating to alleged construction defects in the Cannery Row townhome community located in Palm Beach County, Florida (the "**Project**").

## THE INSURANCE POLICIES

11. Evanston issued three (3) consecutive commercial general liability policies to Campany (collectively, the "**Policies**").

12. Evanston issued Policy Number 3C06322 to Campany in West Palm Beach, Florida, pursuant to the Florida Surplus Lines Law (the "**First Policy**"). The First Policy was in effect for the annual period between February 17, 2015 and February 17, 2016. The First Policy has limits of $1,000,000.00 each occurrence/ $2,000,000.00 general aggregate/ $2,000,000.00 products/completed operations aggregate subject to a $5,000 deductible for bodily injury liability and/or property damage liability combined per occurrence. A true and correct copy of the First Policy is attached as *Exhibit 1*.

13. Evanston issued Policy Number 3C06756 to Campany in West Palm Beach, Florida, pursuant to the Florida Surplus Lines Law (the "**Second Policy**"). The Second Policy was in effect for the annual period between February 17, 2016 and February 17, 2017. The Second Policy has limits of $1,000,000.00 each occurrence/ $2,000,000.00 general aggregate/

$2,000,000.00 products/completed operations aggregate subject to a $5,000 deductible for bodily injury liability and/or property damage liability combined per occurrence. A true and correct copy of the Second Policy is attached as *Exhibit 2*.

14. Evanston issued Policy Number 3C07349 to Campany in West Palm Beach, Florida, pursuant to the Florida Surplus Lines Law (the "**Third Policy**"). The Third Policy was in effect for the annual period between February 17, 2017 and February 17, 2017. The Second Policy has limits of $1,000,000.00 each occurrence/ $2,000,000.00 general aggregate/ $2,000,000.00 products/completed operations aggregate subject to a $10,000 deductible for bodily injury liability and/or property damage liability combined per occurrence. A true and correct copy of the Third Policy is attached as *Exhibit 3*.

15. The Commercial General Liability Coverage Form in the Policies provides, in pertinent part:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

4

  **(2)**  The "bodily injury" or "property damage" occurs during the policy period; and

\*\*\*

     \*  \*  \*

**SECTION V – DEFINITIONS**

     \*  \*  \*

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

     \*  \*  \*

**16.**  "Products-completed operations hazard":

  **a.**  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)**  Products that are still in your physical possession; or

    **(2)**  Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

      **(a)**  When all of the work called for in your contract has been completed.

      **(b)**  When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

      **(c)**  When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\*\*\*

**17.**  "Property damage" means:

  **a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*\*\*

**21.**  "Your product":

  **a.**  Means:

    **(1)**  Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      **(a)**  You;

          \*\*\*

    **b.**    Includes:

          **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

          **(2)**    The providing of or failure to provide warnings or instructions.

\*\*\*

**22.**    "Your work":

    **a.**    Means:

          **(1)**    Work or operations performed by you or on your behalf; and

          **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

          **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

          **(2)**    The providing of or failure to provide warnings or instructions.

\*   \*   \*

## UNDERLYING LAWSUIT

16.    On October 7, 2007, the Association entered into a contract with Ironwood for Ironwood to serve as the general contractor for construction of the Project.

17.    The Association filed a lawsuit on December 28, 2017 against Ironwood and others in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Cannery Row Homeowners' Association, Inc. a Florida not-for-profit corporation, Plaintiff v. Cannery Row, LLC, a Florida limited liability company; Ironwood Construction Services, LLC, a Florida limited liability company; Kupi & Eliopoulos Architects, P.A., a Florida corporation; and McCarthy and Associates, Inc., a Florida corporation, Defendants*, with case number 50-2017-CA-014093-XXXX-MB (the "**Underlying Lawsuit**").

A copy of the operative complaint filed by the Association in the Underlying Lawsuit (the "**Association's Complaint**") is attached as ***Exhibit 4***.

18. The Association's Complaint alleges various defects, deficiencies and resulting damages arising from the design and construction of the Project. *See Exhibit 4*.

19. Thereafter, on or about October 16, 2018, Ironwood filed a Third Party Complaint in the Underlying Lawsuit, adding Evanston's insured, Campany, and others as defendants (the "**Ironwood Complaint**"). A copy of the Ironwood Complaint is attached as ***Exhibit 5***.

20. The Ironwood Complaint alleges that Ironwood entered into a subcontract with Campany to perform various services for the Project including, but not limited to, providing all necessary labor, materials equipment, and related services for the roofing work and other related work at the Project (the "**Roofing Subcontract**"). *See Exhibit 5*, at ¶24.m. An incomplete copy of the Roofing Subcontract (as attached to the Ironwood Complaint) is attached hereto as ***Exhibit 6***.

21. The Ironwood Complaint alleges that certain work performed by Campany at the Project was constructed with defects and deficiencies, and sues Campany for breach of contract, contractual indemnity, negligence, violation of Florida Building Code, and common law indemnity. *See Exhibit 5*, at Counts LXI – LXV.

22. On March 15, 2019, Campany filed its Answer to the Ironwood Complaint. A copy of Campany's Answer is attached as ***Exhibit 7***.

23. In its Answer, Campany affirmatively states that "Campany did not perform 'all' roofing construction related to the Cannery Row project." *See Exhibit 7*, at ¶24.

24. Rather, "Campany performed construction on builders [*sic*] 1A, 1B, 2 and 3 only." *See Exhibit 7*, at ¶24.

25. Building 1A at the Project contains eleven (11) units.

26. Building 1B at the Project contains four (4) units.

27. Building 2 at the Project contains seven (7) units.

28. Building 3 at the Project contains seven (7) units.

29. In light of the allegations of the Ironwood Complaint, Evanston disclaimed coverage for the Underlying Lawsuit. A copy of the May 9, 2019 coverage disclaimer letter is attached as ***Exhibit 8***.

30. An actual controversy exists regarding Evanston's obligations, if any, to Campany under the Policies with respect to the Underlying Lawsuit.

## REQUEST FOR DECLARATORY JUDGMENT

31. Evanston reincorporates by reference the allegations set forth in Paragraphs 1 through 30 above.

32. This is an action for declaratory judgment regarding coverage under the Policies for any and all claims arising out of Campany's work on the Project.

33. Under the terms and conditions of the Policies, Evanston has neither a duty to defend nor a duty to indemnify Campany with respect to the claims asserted by Ironwood in the Underlying Lawsuit.

34. There is a bona fide, actual and present controversy between Evanston, Campany, Ironwood, and the Association regarding Evanston's rights and obligations under the Policies with respect to the claims arising out of Campany's work on the Property, as further described and alleged in the Underlying Lawsuit.

35. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policies. The Court's declaration will serve the interest of justice.

36. Evanston has no adequate remedy at law.

## COUNT ONE

### THE POLICIES EXCLUDE COVERAGE PURSUANT TO THE NEW RESIDENTIAL CONSTRUCTION LIMITATION ENDORSEMENT

37. Evanston reincorporates by reference the allegations set forth in paragraphs 1 through 36 above.

38. The Policies contain a New Residential Construction Limitation Endorsement providing, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**NEW RESIDENTIAL CONSTRUCTION LIMITATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

**A.** The following are added to Paragraph **2.** Exclusions of Section **I** — Coverages, Coverage **A** — Bodily Injury And Property Damage Liability and Coverage **B** — Personal And Advertising Injury Liability:

This insurance does not apply to:

**Multi-unit Residential Developments**

"Bodily injury", "property damage" or "personal and advertising injury", including losses within the "products-completed operations hazard", arising out of "your product" or "your work" related to any newly constructed residential:

    **(1)** Condominium;

    **(2)** Townhouse;

    **(3)** Cooperative; or

    **(4)** "Tract home".

This exclusion does not apply to:

    **(a)** "Your product" or "your work" related to any newly constructed "apartment structure"; or

9

       **(b)**    Your projects consisting of 20 or fewer units in any one development, regardless of the size of the development.

**B.**    With respect to this endorsement only, the following definitions are added:

"Apartment structure" means a multi-family structure of units that are held for rental in which all units are owned by the same person or organization and not individually titled. "Apartment structure" includes the building and the individual units.

"Tract home" means a grouping of 20 or more single-family dwellings which:

a.    Are constructed in the same parcel, adjacent parcels or other parcels located within one geographic area that are considered to be a single project; and

b.    Share common or similar design elements, floor plans, blueprints, or architectural details.

All other terms and conditions remain unchanged.

* * *

39.    The Project consists of newly constructed residential townhouses.

40.    The New Residential Construction Limitation Endorsement excludes coverage for "property damage" arising out of Campany's work related to any newly constructed townhouse.

41.    Campany's work at the Project consisted of work on a minimum of twenty-nine (29) units.

42.    Thus, the exception to the residential construction limitation for projects consisting of twenty (20) or fewer units in any one development does not apply.

43.    Accordingly, the New Residential Construction Limitation Endorsement excludes coverage for the Underlying Lawsuit.

WHEREFORE, Evanston seeks a judgment in its favor, declaring and adjudicating that Evanston is not obligated to defend and/or indemnify Campany for the claims of loss or damage asserted in the Underlying Lawsuit, which arise out of Campany's work related to newly constructed townhouses, based upon the New Residential Construction Limitation Endorsement contained in the Policies.

## COUNT TWO

### THE FIRST POLICY EXCLUDES COVERAGE PURSUANT TO THE CROSS SUITS EXCLUSION ENDORSEMENT

44. Evanston reincorporates by reference the allegations set forth in paragraphs 1 through 36 above.

45. The First Policy contains a Cross Suits Exclusion Endorsement, which provides, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CROSS SUITS EXCLUSION**

This insurance does not apply to "bodily injury," "property damage," "personal and advertising injury," or any injury, loss or damages including consequential injury, loss or damage, arising out of or contributed by any insured covered by this policy initiating causes of action or allegations against any other insured covered by this policy.

All other terms and conditions remain unchanged.

\* \* \*

46. To the extent the Roofing Subcontract constitutes a valid written contract, Ironwood qualifies as an insured under the Blanket Additional Insured Endorsement in the Policies.

47. Thus, because Ironwood caused or contributed to the loss or damage alleged by the Association in the Underlying Lawsuit, the damages alleged in the Ironwood Complaint are excluded from coverage pursuant to the Cross Suits Exclusion Endorsement.

WHEREFORE, Evanston seeks a judgment in its favor, declaring and adjudicating that there is no coverage under the First Policy for the claims of loss or damage asserted in the Underlying Lawsuit by Ironwood based upon the Cross Suits Exclusion Endorsement contained in the First Policy.

## COUNT THREE

### THE POLICIES EXCLUDE COVERAGE PURSUANT TO THE BREACH OF CONTRACT EXCLUSION ENDORSEMENTS

48. Evanston reincorporates by reference the allegations set forth in paragraphs 1 through 36 above.

49. The First Policy and Second Policy contain a Breach of Contract Exclusion Endorsement, which provides, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**BREACH OF CONTRACT EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
COMMERCIAL GENERAL LIABILITY WRAP COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM
NEW YORK CONTRACTORS COMMERCIAL GENERAL LIABILITY INSURANCE POLICY

This insurance does not apply to any "bodily injury" or "property damage" arising out of, caused by, or contributed to by your failing to fulfill the terms of a contract or agreement. The company shall have no obligation to defend or indemnify any insured for any alleged breach of contract, whether such contract is written, oral or implied in law or in fact.

The Company shall have no obligation to indemnify you for any sums which you may be found legally obligated to pay as a result of the breach of any such contract, or as a result or the breach of any warranty, whether express or implied.

All other terms and conditions remain unchanged.

\* \* \*

50. The Third Policy contains an Exclusion – Breach of Contract Endorsement, which provides, in pertinent part:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – BREACH OF CONTRACT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM

The following is added to Paragraph **2.** Exclusions under Bodily Injury And Property Damage Liability:

This insurance does not apply to:

**Breach of Contract**

"Bodily injury" or "property damage" in any way involving your failure to fulfill the terms of a written, oral, implied in law or implied in fact contract, agreement or warranty. We have no obligation to defend or indemnify any insured for any actual or alleged breach of such contract, agreement or warranty.

All other terms and conditions remain unchanged.

\* \* \*

51. The claims of "property damage" in the Underlying Lawsuit arise out of, were caused by, or were contributed to by Campany's failure to fulfill the terms of a contract or agreement and are excluded under the First Policy and the Second Policy pursuant to the Breach of Contract Exclusion Endorsement.

52. The claims of "property damage" in the Underlying Lawsuit involve Campany's failure to fulfill the terms of a written, oral, implied in law or implied in fact contract, agreement or warranty and are excluded under the Third Policy pursuant to the Exclusion – Breach of Contract Endorsement.

WHEREFORE, Evanston seeks a judgment in its favor, declaring and adjudicating that there is no coverage under the Policies for the claims of loss or damage asserted in the Underlying Lawsuit based upon the Breach of Contract Exclusion Endorsement contained in the First Policy and Second Policy and the Exclusion – Breach of Contract Endorsement contained in the Third Policy.

## COUNT FOUR

**THE THIRD POLICY EXCLUDES COVERAGE PURSUANT TO THE EXCLUSION – CONTINUOUS OR PROGRESSIVE INJURY OR DAMAGE ENDORSEMENT**

53. Evanston reincorporates by reference the allegations set forth in paragraphs 1 through 36 above.

54. The Third Policy contains an Exclusion – Continuous or Progressive Injury or Damage Endorsement, which provides, in pertinent part:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION – CONTINUOUS OR PROGRESSIVE INJURY OR DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following is added to Paragraph **2.** Exclusions under Section **I** — Coverages, Coverage **A** — Bodily Injury And Property Damage Liability and Coverage **B** — Personal And Advertising Injury Liability:

This insurance does not apply to:

**Continuous Or Progressive Injury Or Damage**

"Bodily injury", "property damage" or "personal and advertising injury" which:

**(1)**   First occurred, first began to occur, or is alleged to have first occurred;

**(2)**   Is alleged to be in the process of occurring to any degree; or

**(3)**   Is caused by or alleged to have been caused by incremental, continuous or progressive injury or damage arising from an "occurrence" or offense which first occurred, began to occur, or is alleged to have first occurred, prior to the effective date of this policy.

All other terms and conditions remain unchanged.

\* \* \*

55.   Campany's work on the Project first occurred, first began to occur and is alleged to have first occurred prior to February 17, 2017, the effective date of the Third Policy.

56.   Thus, the allegations of the Underlying Lawsuit with respect to continuous and/or progressive injury or damage are excluded under the Third Policy pursuant to the Exclusion – Continuous or Progressive Injury or Damage Endorsement.

WHEREFORE, Evanston seeks a judgment in its favor, declaring and adjudicating that there is no coverage under the Third Policy for the claims of loss or damage asserted in the Underlying Lawsuit based upon the Exclusion – Continuous or Progressive Injury or Damage Endorsement contained in the Third Policy.

**RELIEF SOUGHT**

For the reasons set forth above, none of the damages sought or claimed against Campany in the Underlying Lawsuit are covered under the terms and conditions of the Policies and, as a consequence, Evanston seeks the following declarations:

a. That this Court has jurisdiction over the parties in this matter;

b. Evanston is not obligated to defend Campany with respect to any of the claims asserted in the Underlying Lawsuit;

c. Evanston is not obligated to indemnify Campany for any of the damages sought in the Underlying Lawsuit;

d. The damages alleged in the Underlying Lawsuit are excluded from coverage pursuant to the New Residential Construction Limitation Endorsement contained in the Policies;

e. The damages alleged in the Underlying Lawsuit are excluded from coverage under the First Policy pursuant to the Cross Suits Exclusion Endorsement contained in the First Policy;

f. The damages alleged in the Underlying Lawsuit are excluded from coverage under the Policies pursuant to the Breach of Contract Exclusion Endorsement contained in the First Policy and Second Policy and the Exclusion – Breach of Contract Endorsement contained in the Third Policy;

g. The damages alleged in the Underlying Lawsuit are excluded from coverage under the Third Policy pursuant to the Exclusion – Continuous or Progressive Injury or Damage Endorsement contained in the Third Policy; and

h. Any such other relief the Court deems just and proper.

WHEREFORE, Evanston Insurance Company seeks entry of judgment in its favor, declaring and adjudicating that Evanston Insurance Company has no duty to defend and no duty to indemnify Campany Roof Maintenance Roofing Division, LLC for any claims or any damages arising out of its work on the Project, as further described and alleged in the Underlying Lawsuit,

and demands judgment for its costs and any such further relief as the Court may deem just and proper.

Dated: May 9, 2019

        Respectfully submitted,

        */s/ Rebecca C. Appelbaum, Esq.*

        REBECCA C. APPELBAUM, ESQ.
        LEAD ATTORNEY
        Florida Bar No.: 0179043
        rebecca.appelbaum@arlaw.com
        jenny.schroeder@arlaw.com

        CHELSEA C. HARRISON, ESQ.
        Florida Bar No.: 98536
        chelsea.harrison@arlaw.com
        lisa.stallard@arlaw.com

        ADAMS AND REESE LLP
        101 E. Kennedy Blvd., Suite 4000
        Tampa, Florida 33602
        (813) 402-2880 (Telephone)
        (813) 402-2887 (Facsimile)

        *Attorneys for Plaintiff Evanston Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2019 a copy of the foregoing is being filed electronically by operation of the Court's CM/ECF system.

        */s/ Rebecca C. Appelbaum, Esq.*
        REBECCA C. APPELBAUM, ESQ.